1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

GEORGE LARA,

                                    Plaintiff,

        vs.

AURORA LOAN SERVICES, et al.,

                                    Defendants.

CASE NO. 12cv904-LAB (POR)

**ORDER DENYING APPLICATION FOR A TEMPORARY RESTRAINING ORDER**

        Plaintiff George Lara is a distressed homeowner who faces imminent eviction from his home following a non-judicial foreclosure.  Now before the Court is his ex parte motion for a temporary restraining order ("TRO") to halt that eviction while this case is pending.

        TROs are for emergencies only.  The high hurdle plaintiffs must clear to obtain them "reflect[s] the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute."  *Granny Goose Foods, Inc. v. Bhd. of Teamsters*, 415 U.S. 423, 438 (1974).  The TRO standard is the same as the preliminary injunction standard, with the additional requirement that the applicant show immediate relief is necessary.  *See, e.g.*, *Hunt v. Nat'l Broad. Co., Inc.*, 872 F.2d 289, 292 (9th Cir. 1989).  *See also* Fed. R. Civ. P. 65(b)(1)(A) (movant must "show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition").  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of

1    equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural*
2    *Res. Def. Council, Inc.*, 555 U.S. 7, 129 S.Ct. 365, 374 (2008).

3          The Court has carefully reviewed Lara's original complaint (Dkt. No. 1), Aurora Loan
4    Services' motion to dismiss the complaint (Dkt. No. 6), and Lara's memo in support of a TRO
5    (Dkt. No. 10).  It finds that Lara has failed to establish that his claims are likely to succeed
6    on the merits, and his motion for a TRO is accordingly **DENIED**.  His complaint, as Aurora
7    Loan Services points out, is a nearly incomprehensible jumble of misplaced statements and
8    conclusory legal claims.  His TRO isn't much better.  It lacks structure and a clear narrative.
9    It lacks meaningful factual content.  It lacks concise argument with reference to the legal
10   standard for issuance of a TRO.  It is full of conclusory legal claims regarding the fraud and
11   ill intentions of the Defendants.  It goes to great lengths to reference other cases in which
12   banks have been accused of wrongdoing to somehow suggest that Lara's own claims are
13   righteous.  Most problematic, it references a November 18, 2011 order of the San Diego
14   Superior Court affirming the very eviction that Lara now asks this Court to enjoin.  (The order
15   granted summary judgment to an unlawful detainer action brought by Aurora Loan Services.)
16   That makes this case, and, the TRO that Lara seeks, effectively an appeal from a state court
17   judgment—which is plainly prohibited by the *Rooker-Feldman* doctrine.[1]  *See Gomez v. San*
18   *Diego Family Court*,  388 Fed.Appx. 685 at *1 (9th Cir. 2010).

19         In light of the above, Lara's motion for a TRO is **DENIED**.

20

21         **IT IS SO ORDERED**.

22   DATED:  May 10, 2012

23

24   **HONORABLE LARRY ALAN BURNS**
     United States District Judge

25

26

27

28
          [1] If the case is ongoing, of course, abstention doctrine rather than *Rooker-Feldman*
     applies.