# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE LARA,<br><br>                Plaintiff,<br>vs.<br><br>AURORA LOAN SERVICES, et al.,<br><br>                Defendants. | CASE NO. 12cv904-LAB (POR)<br><br>**ORDER DENYING APPLICATION FOR A PRELIMINARY INJUNCTION** |

       Lara seeks a preliminary injunction to halt his imminent eviction from his home following a non-judicial foreclosure. The Court has already denied Lara a temporary restraining order for this purpose. It did so largely on the ground that Lara lost an unlawful detainer action in San Diego Superior Court, which makes this case, or at least this motion, effectively an appeal from a state court judgment.[1] And that's plainly prohibited by the

---

[1] The Court also noted that Lara's pleadings were inadequate to justify the extraordinary relief of a temporary restraining order:

> His complaint, as Aurora Loan Services points out, is a nearly incomprehensible jumble of misplaced statements and conclusory legal claims. His TRO isn't much better. It lacks structure and a clear narrative. It lacks meaningful factual content. It lacks concise argument with reference to the legal standard for issuance of a TRO. It is full of conclusory legal claims regarding the fraud and ill intentions of the Defendants. It goes to great lengths to reference other cases in which banks have been accused of wrongdoing to somehow suggest that Lara's own claims are righteous.

The Court would say much the same of Lara's preliminary injunction motion, which consists of a ten-page brief and over a hundred pages of supporting documents. Lara also filed no reply to Defendants' opposition brief.

*Rooker-Feldman* doctrine. *See Carmona v. Carmona*, 603 F.3d 1041, 1050 (9th Cir. 2010) ("The *Rooker-Feldman* doctrine . . . stands for the relatively straightforward principle that federal district courts do not have jurisdiction to hear de facto appeals from state court judgments."). Lara's preliminary injunction motion runs into the same *Rooker-Feldman* problem. Lara had the opportunity to contest his eviction in San Diego Superior Court, and he lost. The *Rooker-Feldman* doctrine bars him from seeking relief from that loss in federal court.[2]

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 129 S.Ct. 365, 374 (2008). Having carefully reviewed Lara's motion and Defendants' opposition, the Court finds that Lara has failed to establish that his claims are likely to succeed on the merits. His motion for a preliminary injunction is accordingly **DENIED**. At best, Lara can show that if he is evicted from his home he would suffer irreparable harm, but if that alone could justify injunctive relief every distressed homeowner facing foreclosure would be entitled to such relief. There must be some likelihood of success on the merits, and Lara has failed to make that showing.

**IT IS SO ORDERED**.

DATED: June 4, 2012

**HONORABLE LARRY ALAN BURNS**
United States District Judge

---

[2] In opposing Lara's preliminary injunction motion, Aurora and MERS rely not on *Rooker-Feldman* but on the Anti-Injunction Act, which prohibits a federal court from enjoining "proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. The broad spirit of the Anti-Injunction Act is certainly relevant here—it is "designed to prevent friction between federal and state courts by barring federal intervention in all but the narrowest circumstances"—but the Court doesn't understand the unlawful detainer action against Lara to be ongoing. *Sandpiper Village Condominium Ass'n, Inc. v. Louisiana-Pacific Corp.*, 428 F.3d 831, 842 (9th Cir. 2005). Summary judgment was entered against him, which suggests that *Rooker-Feldman* is the proper doctrine to rely on.