# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE LARA,<br><br>                        Plaintiff,<br>vs.<br><br>AURORA LOAN SERVICES, et al.,<br><br>                       Defendants. | CASE NO. 12cv904-LAB (POR)<br><br>**ORDER RE: PLAINTIFF'S AMENDED COMPLAINT** |

On June 5, 2012 the Court rejected a first amended complaint that Lara attempted to file in this case. It did so on the basis that the complaint was untimely under Fed. R. Civ. P. 15, which allows for a complaint to be amended once as a matter of course within "21 days after service of a motion under Rule 12(b)." Fed. R. Civ. P. 15(a)(1)(B); *see also Wehlage v. EmpRes Healthcare Inc.*, 821 F.Supp.2d 1122, 1125 (N.D. Cal. 2011). Lara, in the Court's judgment, was too late.

With respect to certain Defendants, that is true. Aurora Loan Services and MERS filed a motion to dismiss on April 20, 2012, and McCarthy & Holthus filed a motion to dismiss on April 23, 2012. (Dkt. Nos. 6, 8.) Lara didn't attempt to file his first amended complaint, however, until May 30, 2012, more than 21 days after these motions to dismiss were filed. Defendant Ruzicka & Wallace, however, didn't file a motion to dismiss until May 9, 2012, and Lara's amended complaint was filed 21 days after that date. In other words, Lara's amended complaint was ostensibly untimely with respect to some Defendants but timely with respect to another Defendant. *See Villery v. District of Columbia*, Case No. 10-630, 2011 WL

5108511 at *2 (D. D.C. Oct. 27, 2011) ("In cases involving multiple defendants, a plaintiff may file an amended complaint as of right concerning only those defendants who, at the time the plaintiff files his amendment . . . have filed an answer or a Rule 12(b) . . . motion, but who have made that filing exactly or fewer than 21 days before the plaintiff files his amendment.").

The Court therefore orders the following. **First**, within one week of the date this Order is received, Lara must file an amended complaint against Ruzicka & Wallace only. **Second,**, the Court will give Lara two weeks from the date this Order is entered to file an opposition brief that succinctly addresses the arguments raised by Aurora Loan Services, MERS, and McCarthy & Holthus in their motions to dismiss. The Court would not grant him leave to amend his complaint with respect to these Defendants under Fed. R. Civ. P. 15(a)(2). This is a benefit to Lara; he has failed to file an opposition brief to date, but this may be partially due to his and the Court's confusion regarding the status of his first amended complaint. The failure to file an opposition brief, per the Court's Local Rule 7.1(f)(3)(c), will be construed as consent to the motions being granted. **Third**, any parties with objections to this Order must file them by no later than Wednesday, July 4.

**IT IS SO ORDERED**.

DATED: June 28, 2012

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge