# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE M. LARA,<br><br>                 Plaintiff,<br><br>vs.<br><br>AURORA LOAN SERVICES LLC, et al,<br><br>                 Defendants. | CASE NO. 12cv904-GPC (BLM)<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS;**<br><br>[Doc. Nos. 44, 45, 46]<br><br>**DENYING AS MOOT DEFENDANT RUZICKA & WALLACE, LLP'S MOTION TO STRIKE**<br><br>[Doc. No. 48] |

On July 31, 2012, Plaintiff George Lara filed a first amended complaint ("FAC") against Defendants Aurora Loan Services LLC, Quality Loan Corp.,[1] McCarthy & Holthus LLP, Ruzicka & Wallace, LLP, and Mortgage Electronic Registration Systems, Inc. (respectively, "Aurora," "Quality," "McCarthy," "Ruzicka," and "MERS," and collectively "Defendants"). The FAC alleges several causes of action arising out of foreclosure-related events with respect to Plaintiff's real property located at 2180 Valentino Street, San Diego, California 92154. [FAC,

---

[1] On April 12, 2012, Defendant Quality Loan Service Corporation filed a Declaration of Non-Monetary Status [Doc. No. 9-1], to which no party objected. Defendants who file a declaration of non-monetary status to which Plaintiffs do not object are merely nominal parties. *Silva v. Wells Fargo Bank N.A.*, 2011 WL 2437514, at *4 (C.D. Cal. June 16, 2011).

Doc. No. 42 ¶ 1.] On August 9, 2012 and August 10, 2012, Defendants filed three motions to dismiss the FAC pursuant to Federal Rules of Civil Procedure 8, 9(b), 12(b)(6), and 19. Ruzicka also filed a motion to strike the FAC pursuant to California's Anti-SLAPP statute. For the reasons set forth below, the Court **GRANTS** Defendants' motions to dismiss and **DENIES AS MOOT** Ruzicka's motion to strike.

## I. JUDICIAL NOTICE UNDER FED. R. EVID. 201(B)

Aurora and MERS, jointly, and Ruzicka separately, filed requests for judicial notice concurrently with their motions to dismiss.[2] [Doc. Nos. 44-1 and 47.] Under Federal Rule of Evidence 201(b), judicial notice may be taken of facts that are "not subject to reasonable dispute" because they are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

Here, Aurora and MERS request the Court take judicial notice of (1) Plaintiff's Deed of Trust, recorded in San Diego County Recorder's Office on April 21, 2004; (2) Corporate Assignment of Deed of Trust, recorded in San Diego County Recorder's office on January 31, 2011; (3) Substitution of Trustee for Plaintiff's Deed of Trust, recorded in San Diego County Recorder's Office on February 17, 2011; (4) Notice of Default and Election to Sell Under Deed of Trust, recorded in San Diego County Recorder's Office on February 25, 2011; (5) Notice of Trustee's Sale, recorded in San Diego County Recorder's Office on May 25, 2011; and (6) Trustee's Deed Upon Sale, recorded in San Diego County Recorder's Office on June 24, 2011. [Aurora and MERS Request for Judicial Notice ("RJN") at 2.]

Applying Federal Rule of Evidence 201(b), federal courts routinely take

---

[2] The Court first addresses Defendants' Requests for Judicial Notice as several of the judicially noticed documents are integral to understanding the underlying facts of this case and are therefore relied upon in the factual background in Section II.

judicial notice of facts contained in publically recorded documents, including Deeds of Trust, Substitutions of Trustee, and Notices of Default because they are matters of public record, and are not reasonably in dispute. *See, e.g., Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (quoting *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986)); *Lingad v. IndyMac Fed. Bank*, 682 F. Supp. 2d 1142, 1146 (E.D. Cal. 2010). Accordingly, the Court finds these publicly recorded documents are not reasonably in dispute, and therefore **GRANTS** Aurora's and MERS's request for judicial notice.

Ruzicka requests the Court take judicial notice of a state court action from the San Diego County Superior Court. [Ruzicka's RJN at 1.] Ruzicka attached several court records to the request for judicial notice, including the complaint, answer, order granting summary judgment, judgement, and writ of execution. [*Id.* at 1-2.] On a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, when a court takes judicial notice of another court's opinion, it may do so "not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity." *Lee*, 250 F.3d at 690 (citing *S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp. Ltd.*, 181 F.3d 410, 426–27 (3rd Cir. 1999)). Accordingly, the Court does not find the *existence* of the records are reasonably in dispute, and therefore **GRANTS** Ruzicka's request for judicial notice on that limited basis.

## II. BACKGROUND

The Court take the following facts from Plaintiff's FAC.[3] According to the FAC, this action arises out of foreclosure-related events with respect to Plaintiff's real property, located at 2180 Valentino Street, San Diego, California 92154 (the

---

[3] Because the FAC is thirty pages long, and "mixes allegations of relevant facts, irrelevant facts, and legal argument in a confusing way," the Court supplements this section with information contained in several of the judicially noticed documents filed in support of Defendants' motions. *See McHenry v. Renne*, 84 F.3d 1172, 1174 (9th Cir. 1996).

"Property"). [FAC ¶ 1.]⁴ On April 14, 2004, Plaintiff and Griselda Lara borrowed $333,000.00 from Aegis Wholesale Corporation. [Aurora and MERS RJN, Exh. 1.] The Deed of Trust was recorded against the Property and listed "George M. Lara and Griselda P. Lara" as the borrower, "Aegis Wholesale Corporation" as the Lender, and MERS as the nominee for the Lender. [FAC ¶ 11.] Plaintiff contends that "the original loan transaction and application were falsified by the 'lender' . . . as to fair market value of the [P]roperty, the borrower's ability to repay and the prospective terms and fees associated with the loan." [FAC ¶ 27.]

Plaintiff alleges that without express instruction from the Lender, "MERS colluded with Aurora" to facilitate a Corporate Assignment Deed of Trust, thereby transferring all the rights to Aurora. [*Id.*] Public records indicate that on January 31, 2011, a Corporate Assignment Deed of Trust assigned to Aurora all beneficial interest under Plaintiff's original Deed of Trust. [Aurora and MERS RJN, Exh. 2.] Plaintiff alleges that MERS "did not follow the securitization rules and fraudulently stepped into the shoes of the Securitized Owner." [FAC ¶ 11.] Plaintiff further alleges that employees of Aurora forged documents by falsely signing in place of MERS and utilizing a "robo-signer." [*Id.*]

On February 17, 2011, "Aurora . . appointed Quality Loan Service Corp. as [the] trustee to enforce the foreclosure." [FAC ¶ 11; Aurora and MERS RJN, Exh. 3.] Plaintiff alleges that Quality and Aurora completed "a fictitious sale" and transferred the Property to Aurora. [FAC ¶ 11.] On February, 22, 2011, Quality caused a Notice of Default to be recorded against the Property. [Aurora and MERS RJN, Exh. 4.]

On May 25, 2011, a Notice of Trustee's Sale was recorded against the Property. [Aurora and MERS RJN, Exh. 5.] On June 17, 2011, the non-judicial

---

⁴ Because this matter is before the Court on a motion to dismiss, the Court must accept as true the allegations of the complaint in question. *Hospital Bldg. Co. v. Rex Hospital Trustees*, 425 U.S. 738, 740 (1976).

- 4 -                                                                                                   12cv904

foreclosure proceedings concluded with a Deed of Trust Upon Sale for the Property. [*Id.* at Exh. 6.] Plaintiff alleges that Michelle Nguyen,[5] the notary public who notarized the Deed of Trust Upon Sale, was "permanently restrained and enjoined . . . in connection with the purchase or sale of any security." [FAC ¶ 11.] As a result, Plaintiff contends the Deed of Trust Upon Sale is invalid. [*Id.*]

### III. LEGAL STANDARD

### A. Rule 12(b)(6) Motion to Dismiss

A Rule 12(b)(6) motion challenges a complaint's compliance with the pleading requirements provided by the Federal Rules of Civil Procedure. Under Rule 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The complaint must give defendant "fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation and modification omitted); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001) (a Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of [his] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (internal quotation marks, brackets and citations omitted).

In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe them in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). However, legal conclusions need not be taken as true merely because they are cast in the form of factual allegations. *Roberts v.*

---

[5] Plaintiff alternates between "Ngyuen" and "Nguyen."

*Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987); *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981), *cert, denied,* 454 U.S. 1031, 102 (1981). Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. Fed. Deposit Ins. Corp.*, 139 F.3d 696, 699 (9th Cir. 1998).

In determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint for additional facts, e.g., facts presented in plaintiff's memorandum in opposition to a defendant's motion to dismiss or other submissions. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); *Parrino v. FHP, Inc.*, 146 F.3d 699, 705-06 (9th Cir. 1998); *see also* 2 Moore's Federal Practice, § 12.34[2] (Matthew Bender 3d ed.) ("The court may not . . . take into account additional facts asserted in a memorandum opposing the motion to dismiss, because such memoranda do not constitute pleadings under Rule 7(a)"). However, a court may consider items of which it can take judicial notice without converting the motion to dismiss into one for summary judgment. *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994).

**B.     Pro Se Litigants**

In addition to the liberal pleading standards set out in Rule 8, a document filed *pro se* is "to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When the plaintiff is appearing *pro se*, the court affords the plaintiff any benefit of the doubt. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2001); *Karim-Panahi v. L.A. Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988). *Pro se* litigants "must be ensured meaningful access to the courts." *Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1998) (en banc). However, the Ninth Circuit has declined to ensure that district courts advise *pro se* litigants of rule requirements. *See Jacobsen v. Filler*, 790 F.2d 1362, 1364-67 (9th Cir. 1986) ("*Pro se* litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record . . . it is not for the trial court to inject itself into the adversary process on behalf of

one class of litigant"). And, in giving liberal interpretation to a *pro se* complaint, the court is not permitted to "supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). As with pleadings drafted by lawyers, a court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. *Watt*, 643 F.2d at 624.

### C.  Rule 15(a) Leave to Amend

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). A *pro se* litigant must be given notice of the deficiencies of the complaint and an opportunity to amend the complaint to state a claim unless the Court "determines that the pleadings could not possibly be cured by the allegations of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv–Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986); *see Lopez*, 203 F.3d at 1127; *Sony Corp. v. LG Electronics U.S.A., Inc.*, 768 F. Supp. 2d 1058, 1061 (C.D. Cal. 2011).

### IV.  DISCUSSION

### A.  Aurora and MERS Motion to Dismiss

#### 1.  Rule 8

As a preliminary matter, Defendants move to dismiss Plaintiff's FAC for failing to satisfy the pleading standards of Rule 8. The Court agrees. Plaintiff neither includes a "short and plain statement" of his causes of action, nor sets forth allegations that are "simple, concise, and direct." Fed. R. Civ. P. 8(a), (d)(1). Confusing complaints such as the one Plaintiff filed in this case impose unfair burdens on litigants and the Court. *McHenry*, 84 F.3d at 1179. As a practical matter, the judge and opposing counsel, in order to perform their responsibilities,

cannot use a complaint such as the one Plaintiff filed, and must prepare outlines to determine who is being sued for what. *Id.* Defendants are then put at risk that their interpretation of the Plaintiff's allegations differs from the Court's, that the Plaintiff will surprise them with something new at trial which they reasonably did not understand to be in the case at all, and that res judicata effects of settlement or judgment will be different from what they reasonably expected. *Id.* at 1180. Furthermore, "the rights of the defendants to be free from costly and harassing litigation must be considered." *Von Poppenheim v. Portland Boxing and Wrestling Comm'n*, 442 F.2d 1047, 1054 (9th Cir. 1971).

Here, Plaintiff has filed a lengthy, confusing, meandering pleading that largely fails to provide the individual Defendants with notice of the nature and extent of Plaintiff's claim. Plaintiff's FAC is exactly the type of pleading which Rule 8 endeavors to prohibit in federal cases, and it is subject to dismissal on this basis.

### 2. Rule 19

Under Rule 12(b)(7) of the Federal Rules of Civil Procedure, a party may file a motion asserting that the plaintiff has failed to join a necessary or indispensable party under Rule 19. Fed. R. Civ. P. 12(b)(7). Rule 19 of the Federal Rules of Civil Procedure provides, in relevant part:

> [a] person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if: (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (I) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

In general, "all parties to a contract, and others having a substantial interest in it, are necessary parties." *See Delta Financial Corp. v. Paul D. Comanduras & Assoc.*, 973 F.2d 301, 305 (4th Cir. 1992) (citations omitted).

1    Aurora and MERS contend that the action should be dismissed for failure to
2 join Plaintiff's wife, Griselda Lara, as an "indispensable" party under Federal Rule
3 of Civil Procedure 19. [Aurora and MERS Mot. at 5.] A Rule 19 motion poses
4 "three successive inquiries." *E.E.O.C. v. Peabody W. Coal Co.*, 610 F.3d 1070,
5 1078 (9th Cir. 2010). First, the court must determine whether a nonparty should be
6 joined under Rule 19(a). *Id.* If an absentee is a necessary party under Rule 19(a),
7 "the second stage is for the court to determine whether it is feasible to order that the
8 absentee be joined." *Id.* If joinder is not feasible, the court must determine whether
9 the case can proceed without the absentee or whether the case should be dismissed
10 because the presence of the absentee is required. *Id*.

11    Aurora and MERS assert—without citation to any authority—that Plaintiff's
12 wife is an indispensable party-plaintiff. [Aurora and MERS Mot. at 5.] As support,
13 Aurora and MERS request the Court to take judicial notice of the Deed of Trust
14 which purportedly lists her as a co-borrower on the Property. [Aurora and MERS
15 RJN, Exh. 1.] However, the fact that her name appears on the Deed of Trust does
16 not necessarily establish that she, in fact, is a co-borrower. *See Lee*, 250 F.3d at
17 689–90; *see also McClain v. Wells Fargo Bank, N.A.*, C 11-5020 SBA, 2012 WL
18 851402 (N.D. Cal. Mar. 13, 2012). Even if it did, neither Plaintiff nor Aurora and
19 MERS have provided the requisite legal analysis under *Peabody*. It is not the role
20 of the Court to make the parties' arguments for them. *See Indep. Towers of Wash. v.
21 Wash.*, 350 F.3d 925, 929 (9th Cir.2003) ("Our adversarial system relies on the
22 advocates to inform the discussion and raise the issues to the court."). Accordingly,
23 based on the undeveloped argument presented by all parties, the Court rejects the
24 contention that the FAC must be dismissed based on Plaintiff's wife's absence from
25 this case. *See McClain v. Wells Fargo Bank, N.A.*, C 11-5020 SBA, 2012 WL
26 851402 (N.D. Cal. Mar. 13, 2012).
27 ///
28 ///

### 3. Rule 12(b)(6)

#### a. Plaintiff's Third, Fourth, Fifth, and Sixth Counts

Plaintiff alleges that the Trustee Deed Upon Sale is void (third count), Defendants committed various types of forgeries and fraud (fourth count), implied acceptance by Defendants as a result of not responding to a qualified written response (fifth count), and common law fraud and injurious falsehood (sixth count). [FAC ¶¶ 14-16, 18.] Aurora and MERS argue that the FAC "fails to offer even a formulaic recitation as to any alleged wrongdoing" as to these four claims. [Aurora and MERS Mot. at 6.] The Court notes that it is difficult to discern Plaintiff's allegations because the FAC appears to be a hodgepodge of legal research pasted into a document. It is not proper to assume that the Plaintiff "can prove facts that [he] has not alleged or that the defendants have violated . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). This type of disjointed and conclusory pleading does not give the defendant fair notice of what the claims are and the grounds upon which they rest. *See Twombly*, 550 U.S. at 555. Because the FAC fails to adequately allege how Aurora and MERS violated any of the identified laws, the Court **DISMISSES** the third, fourth, fifth, and sixth counts *without prejudice*.

#### b. Plaintiff's First Count: Securitization

Aurora and MERS challenge the FAC's allegations that securitization of Plaintiff's loan was unlawful to preclude foreclosure. Aurora and MERS note that "California law provides a comprehensive and exhaustive statutory framework governing non-judicial foreclosure proceedings under a deed of trust." [Aurora and MERS Mot. at 7.] Aurora and MERS further state that "securitization is simply irrelevant to the non-judicial foreclosure process." [*Id.* at 8]; *see Hafiz v. Greenpoint Mortg. Funding, Inc.*, 652 F. Supp.2d 1039, 1043 (N.D. Cal.2009). "[C]ourts have uniformly rejected that securitization of a mortgage loan provides the mortgagor a cause of action." *Velez v. The Bank Of N.Y. Mellon*, No. 10-00468,

2011 WL 572523, at *4 (D. Hi. Feb. 15, 2011) ("The court also rejects Plaintiff's contention that securitization in general somehow gives rise to a cause of action—Plaintiff points to no law or provision in the mortgage preventing this practice, and otherwise cites to no law supporting that securitization can be the basis of a cause of action"). Accordingly, the Court **DISMISSES** Plaintiff's first claim for securitization *with prejudice*.

### c.    Plaintiff's Second Count: Discovery

Aurora and MERS argue that Plaintiff's second claim for discovery fails because "discovery is a procedural device to be utilized by the parties *once the pleadings have settled*; discovery is not a tool that Plaintiff may use to 'bluff' his way past the pleading stage." [Aurora and MERS Mot. at 8] (emphasis in the original). The Court agrees. Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). Because requests for discovery are improper at the pleading stage, the Court **DISMISSES** Plaintiff's second "claim" for discovery *with prejudice*.

### d.    Plaintiff's Claim for Violations of the Fair Debt Collection Practices Act

Aurora and MERS argue that Plaintiff's claim under the Fair Debt Collection Practices Act ("FDCPA") fails because Aurora and MERS are not "debt collectors" within the meaning of the FDCPA and a non-judicial foreclosure action does not constitute "debt collection" under the FDCPA. [Aurora and MERS Mot. at 13-14.] The Court concurs. The FDCPA defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). The Ninth Circuit defines non-judicial foreclosure as "a process where property that secures a defaulted obligation is sold

1  by a trustee pursuant to power of sale contained in a deed of trust, without recourse
2  to the courts." *Citicorp Real Estate, Inc. v. Smith*, 155 F.3d 1097, 1105 (9th Cir. 1998).
3        The Ninth Circuit has held that mortgagees and their beneficiaries are not
4  "debt collectors" and non-judicial foreclosure actions do not constitute "debt
5  collection" under the FDCPA. *Diessner v. Mortg. Elec. Registration Sys. Inc.*, 618
6  F. Supp. 2d 1184, 1188-89 (D. Ariz. 2009) *aff'd sub nom. Diessner v. Mortg. Elec.
7  Registration Sys., Inc.*, 384 F. App'x 609 (9th Cir. 2010). The legislative history of
8  the FDCPA also supports the position that mortgagees and their assignees,
9  including mortgage servicing companies, are not debt collectors under the FDCPA
10 when the debts were not in default when taken for servicing. S. REP. No. 95-382,
11 3-4 (1977), U.S. Code Cong. & Admin. News 1977, p. 1695, 1698 ("[T]he
12 committee does not intend the definition to cover the activities of trust departments,
13 escrow companies, or other bona fide fiduciaries; the collection of debts, such as
14 mortgages and student loans, by persons who originated such loans; mortgage
15 service companies and others who service outstanding debts for others, so long as
16 the debts were not in default when taken for servicing; and the collections of debts
17 owed to a creditor when the collector is holding the receivable account as collateral
18 for commercial credit extended to the creditor"). In addition, numerous district
19 courts, including several in the Ninth Circuit, have also held that "the activity of
20 foreclosing on [a] property pursuant to a deed of trust is not collection of a debt
21 within the meaning of the FDCPA." *Hulse v. Ocwen Fed. Bank*, 195 F. Supp. 2d
22 1188, 1204 (D. Or. 2002); *see also Gray v. Four Oak Court Ass'n*, 580 F. Supp.2d
23 883, 887 (D. Minn. 2008); *Gallegos v. Recontrust Co.*, No. 08cv2245 WQH (LSP)
24 2009 WL 215406, at *3 (S.D. Cal. Jan. 29, 2009); *Castro v. Executive Trustee
25 Services, LLC*, No. CV-08-2156-PHX-LOA, 2009 WL 438683, at *6 (D. Ariz. Feb.
26 23, 2009).
27       Plaintiff points to no authority supporting the proposition that Aurora and
28 MERS are "debt collectors" or that a non-judicial foreclosure proceeding constitutes

the collection of a debt subject to the FDCPA.  The Court finds the legal authority and legislative history discussed above to be persuasive, and concludes that Aurora and MERS are not debt collectors as defined in the FDCPA and that the non-judicial foreclosure proceeding on the subject property is not the collection of a debt for purposes of the FDCPA.  Accordingly, the Court **DISMISSES** Plaintiff's claim under the FDCPA *with prejudice*.  *See Diessner*, 618 F. Supp. 2d at 1188-89.

**B.     McCarthy and Ruzicka Motions to Dismiss**

   **1.     Rule 8**

As discussed above, Plaintiff's FAC fails to satisfy the pleading standards of Rule 8.  Plaintiff's FAC does not include a "short and plain statement" of his causes of action, and Plaintiff fails to identify against which Defendant each claim is asserted.  In one brief paragraph, Plaintiff contends that the two law firms, McCarthy and Ruzicka, signed documents without verifying the truth of their contents.  [FAC ¶ 15.]  Plaintiff also refers the Court to "several cases which have been reported [on] Google" as evidence that the two law firms are involved in document forgeries.  [*Id.*]  Because McCarthy and Ruzicka are only mentioned by name in a single cause of action for fraud, it is impossible to determine whether Plaintiff intended to include either law firm in the other causes of action.  This type of pleading fails to satisfy the standard under Rule 8, which requires that defendants be given fair notice of a plaintiff's claim and the grounds upon which it rests.  *See e.g. Gen-Probe, Inc. v. Amoco Corp.*, 926 F. Supp. 948, 960-61 (S.D. Cal. 1996).  Plaintiff's claims against McCarthy and Ruzicka are subject to dismissal pursuant to Rule 8.

   **2.     Rules 12(b)(6) and 9(b)**

Plaintiff makes two broad and vague allegations against McCarthy and Ruzicka.  First, Plaintiff alleges that the two law firms committed fraud by signing documents without verifying their authenticity.  [FAC ¶ 15.]   Plaintiff gives no additional facts regarding this bare allegation.  He does not allege which documents

were fraudulently signed, by which Defendant, the date, time, or any other factual information regarding the allegation.  Second, Plaintiff alleges the two law firms are involved in preparing forged documents.  As support, Plaintiff directs the court to "several cases which [have] been reported on Google."  [*Id.*]

A complaint based upon allegations of fraud must meet a heightened standard imposed by Rule 9(b), which requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Allegations of fraud or mistake must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001) (quoting *Newbronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993)).

Rule 9(b) is intended to protect defendants from "the harm that comes from being subject to fraud charges, and to prohibit plaintiffs from unilaterally imposing upon the court, the parties and society enormous social and economic costs absent some factual basis." *Bly-Magee*, 236 F.3d at 1018.  Accordingly, to satisfy Rule 9(b)'s standard, a plaintiff must offer the "who, what, when, where and how" that support the allegations. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003).

To state a cause of action for fraud, the plaintiff must allege facts demonstrating (1) misrepresentation; (2) knowledge of falsity: (3) intent to defraud; (4) justifiable reliance; and (5) resulting damage. *Neilson v. Union Bank of California, N.A.*, 290 F. Supp. 2d 1101, 1140 (C.D. Cal. 2003).  Further, it is well-established in the Ninth Circuit that claims for fraud must meet Rule 9(b)'s particularity requirements.  *Glen Holly Entm't, Inc. v. Tektronix, Inc.*, 100 F. Supp.2d 1086, 1093 (C.D. Cal.1999) ("Claims for fraud and negligent misrepresentation must meet the heightened pleading requirements of Rule 9(b)"). Here, Plaintiff does not plead with particularity any of the elements required under

1  *Neilson*. As a result, Plaintiff has not stated a cause of action for fraud against
2  either McCarthy or Ruzicka.

### 3. Conclusion

For the reasons set forth above, the Court **GRANTS** McCarthy and Ruzicka's motions to dismiss *without prejudice*.

### C. Other Causes of Action

Because the FAC is largely unintelligible, Plaintiff may be asserting additional causes of action that the Court or Defendants have not addressed. Should Plaintiff choose to file a second amended complaint, he must allege the particular statutes Defendants have violated, as well as specific, well-articulated facts to demonstrate that he is plausibly entitled to relief for those alleged violations.

### D. Defendant Ruzicka's Motion to Strike

On August 10, 2012, Ruzicka filed a motion to strike the FAC pursuant to California Code of Civil Procedure 425.16. [Doc. No. 48.] Ruzicka argues that "Plaintiff's claims . . . are subject to [the] Anti-SLAPP Motion because they arise from [Ruzicka's] actions and communications while [Ruzicka] was acting as the attorney for Aurora . . . in a post-foreclosure underlying unlawful detainer action brought against Plaintiff." [Ruzicka Mot. to Strike at 1-2.] Because the Court is granting Defendants' motions to dismiss as to all claims in the FAC, there are no claims remaining to be stricken. Therefore, the anti-SLAPP motion is moot. *See Phillips v. KIRO-TV, Inc.*, 817 F. Supp. 2d 1317, 1328 (W.D. Wash. 2011). Accordingly, the Court **DENIES AS MOOT** Ruzicka's anti-SLAPP motion to strike. [Doc. No. 48.]

///
///
///
///
///

## V. Conclusion

For the reasons set forth above, the Court **GRANTS** Defendants' motions to dismiss. [Doc. Nos. 44, 45, and 46.] If he so chooses, Plaintiff may file a second amended complaint, curing the defects noted herein. A newly amended complaint must comply with all terms and conditions of this Order. Plaintiff may not assert any new claims or add any new defendants. With respect to the claims that the Court has dismissed with prejudice, the amended complaint must not re-allege those claims. Plaintiff must file his second amended complaint no later than ***45 days*** from the date this Order is filed.

**IT IS SO ORDERED.**

DATED: April 16, 2013

HON. GONZALO P. CURIEL
United States District Judge