UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE MARTINEZ LARA,<br><br>    Plaintiff,<br>v.<br>AURORA LOAN SERVICES LLC et al.,<br><br>    Defendants. | Case No. 3:12-cv-0904-GPC-BLM<br><br>**ORDER GRANTING UNOPPOSED MOTIONS TO DISMISS AND DENYING AS MOOT MOTION TO STRIKE**<br><br>**(ECF NOS. 71, 72, 75, 76)** |

On April 16, 2013, this Court granted Defendants' motions to dismiss Plaintiff's First Amended Complaint. (ECF No. 65.) Plaintiff's Second Amended Complaint was filed on June 11, 2013. (ECF No. 70.)

On June 12, 2013, defendant McCarthy & Holthus, LLP ("McCarthy & Holthus") filed a motion to dismiss Plaintiff's SAC. (ECF No. 71.) On the same day, defendants Aurora Loan Services LLC ("Aurora") and Mortgage Electronic Registration Systems, Inc. ("MERS") also filed a motion to dismiss Plaintiff's SAC. (ECF No. 72.)

On June 20, 2013, defendant Ruzicka & Wallace, LLP ("Ruzicka & Wallace") also filed a motion to dismiss Plaintiff's SAC, along with a motion to strike pursuant to California's Anti-SLAPP statute. (ECF Nos. 75, 76.)

The Court set the foregoing motions for a hearing on September 20, 2013,

meaning any response to these motions was due on or before September 6, 2013. See CivLR 7.1.e.2. To date, the Court has received no response to Defendants' motions. The docket reflects that Plaintiff was served with these motions.

Civil Local Rule 7.1.e.2 requires a party opposing a motion to file an opposition or statement of non-opposition within fourteen calendar days of the noticed hearing. Failure to comply with these rules "may constitute a consent to the granting of a motion." CivLR 7.1.f.3.c. District courts have broad discretion to enact and apply local rules, including dismissal of a case for failure to comply with the local rules. Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (affirming grant of an unopposed motion to dismiss under local rule by deeming a pro se litigant's failure to oppose as consent to granting the motion); United States v. Warren, 601 F.2d 471, 474 (9th Cir. 1979). Even though the court has an obligation to liberally construe their pleadings, "pro se litigants are bound by the rules of procedure." Ghazali, 46 F.3d at 54. Before dismissing an action for failure to comply with local rules, the district court should "weigh several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions.'" Ghazali, 46 F.3d at 53 (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir.1986)).

Here, the Court concludes that "the public's interest in expeditious resolution of litigation," "the court's need to manage its docket," and "the risk of prejudice to the defendants" weigh in favor of granting Defendants' motions to dismiss based on Plaintiff's failure to file an opposition. See Ghazali, 46 F.3d at 53. That is, the majority of these factors weigh in favor of dismissal. Thus, the Court **GRANTS** the motions to dismiss filed by McCarthy & Holthus, (ECF No. 71); Aurora and MERS, (ECF No. 72); and Ruzicka & Wallace, (ECF No. 75). The Court **DENIES AS MOOT** Ruzicka & Wallace's motion to strike, (ECF No. 76).

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's entire SAC is

1 | **DISMISSED WITHOUT PREJUDICE**, and the hearing on Defendants' motions, currently set for September 20, 2013, is **VACATED**.

DATED:  September 16, 2013

HON. GONZALO P. CURIEL
United States District Judge